# WILLIAM LOWE

## *v.*

# C. W. NELSON AND EHRHARDT D' JORUP.

San Juan, Law, No. 996.

### ON MOTION TO STRIKE PARTS OF COMPLAINT.

Damages—Breach of Contract.

> 1. The allegation that a man's credit was ruined to the amount of $5,000 as a result of the breach of a contract entered into with the defendant is an allegation of the proximate result of the breach.

Payments—Moral Obligations.

> 2. A plaintiff cannot recover as damages for the breach of the contract, payments which he was morally, but not legally, bound to make.

Opinion filed October 26, 1914.

Lowe v. Nelson.

*Mr. Willis Sweet* for plaintiff.

*Messrs. Savage & Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case was submitted upon a motion to strike parts of the amended complaint. The first and third grounds of the motion were confessed and need not be discussed.

1. The second ground of the motion is to strike a certain portion of allegation twelve of this complaint to the effect, "in that his business agreements have been broken and his credit, which was good and ample when he entered into said contract with defendants, has been utterly ruined, to the damage of plaintiff in the sum of $5,000." It is moved to strike that allegation because immaterial, irrelevant, and redundant. It is not necessary to pass upon the question whether it is full enough, but it would seem to be germane to the complaint. The complaint alleges that a certain partnership was formed and that the defendants broke the contract, leaving the plaintiff with all obligations and everything else to look after; so that if this resulted in ruining the credit of the plaintiff, it would seem as if it would be a proximate result of the wrongful breach of contract, and therefore could be included in the complaint. The motion is overruled, therefore, so far as it relates to this paragraph.

2. The fourth ground of the motion relates to allegation ten of the second amended complaint, and seeks to strike from it a number of allegations as to specific sums which, as the complaint says, the plaintiff is not legally liable for, but which he

Lowe v. Nelson.

is not only morally bound to pay, but must pay to recover his credit and business standing. The court thinks the motion to strike is well taken as to such allegation. In the first place the point just discussed seems to cover the loss of credit, and therefore these items, if they are germane at all, might come in under that allegation, and then, in the second place, this relates to matters which the plaintiff was not legally bound to attend to, and no authority is furnished for recovering damages which come upon the plaintiff on account of a moral duty, and not on account of a legal duty. As a rule in proceedings in courts the duty involved must be a legal duty, and the motion to strike is sustained as to these particular allegations.